UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STUART R. TAYLOR, | ) | CASE NO. 5:11cv690 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| TIME WARNER CABLE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff *pro se* Stuart R. Taylor filed this action against Defendant Time Warner Cable. He alleges that his cable television was turned off because his case manager had not paid the bill. He claims that Defendant purposely sent the bill to the wrong address. Apparently, his attempts to have his cable restored have been unsuccessful. Plaintiff requests that this Court order the names of all "bad" Time Warner employees placed on a computer so they can be prosecuted, and order Defendant to turn on his cable and phone.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must

1

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F. Supp. 2d 889, 893 (E. D. Mich. 2006) (quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reasons stated below, this action is dismissed.

In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, 2008 WL 397588, *3 (N.D. Ohio, Feb. 11, 2008). A private actor acts under color of state law when its conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 947 (1982); *Romanski v. Detroit Entertainment, L.L.C.,* 428 F.3d 629, 636-37 (6th Cir. 2005). Private conduct is actionable under § 1983 if it is: (1) the exercise of a public function; (2) the result of state compulsion; or (3) a result of a symbiotic relationship or nexus between the government and a private party. *Garcia v. Dykstra*, 260 Fed. Appx. 887, 893, 2008 WL 215813, *5 (6th Cir. 2008). *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir.2003). Defendant satisfies none of the above criteria. It is a private company that is simply not acting under color of law in this situation. The facts set forth in the Complaint do not constitute a federal cause of action.

For the foregoing reasons, this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 21, 2011

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**